# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7835 | **DATE** | 3/8/2011 |
| **CASE TITLE** | Nathan David (#2010-022-6206) v. Officer Maggiera, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $5.02 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. . The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Clerk is directed to issue summonses for service on Defendants Officer Maggiera , Sergeant Duran, and Lieutenant Merrill, and the United States Marshals Service is appointed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ **[For further details see text below.]**                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff, currently a pre-trial detainee in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants Officer Maggiera, Sergeant Duran, and Lieutenant Merrill have violated Plaintiff's constitutional rights in a variety of ways. Plaintiff alleges deliberate indifference to a substantial risk of serious harm because Defendants failed to move him to a different tier within the jail after a fight occurred two days prior. Plaintiff also alleges that when Defendants refused to move him, they misinterpreted his reaction, and subjected him to excessive force. Plaintiff further alleges that in response to his failure to comply with Defendants' orders, they subjected him to an unreasonable cell search, or "shake-down." Plaintiff alleges that Defendants were deliberately indifferent to a serious medical condition in not providing him with adequate medical care for the injuries (chipped tooth, a "pulsating migraine", and multiple contusions) he sustained from Defendants' use of excessive force. Plaintiff finally alleges that Defendants violated his due process rights by finding him guilty of a disciplinary report for which he never received notice, and retaliated against him by transferring other inmates on the tier at the time of the incident to a different facility so they could not testify as to the events leading to his being sent to segregation.

Plaintiff's motion to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $5.02. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States

**(CONTINUED)**

AWL

District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Maggiera, Duran, and Merrill for excessive use of force. *Acevedo v. Canterbury*, 457 F.3d 721, 724 (7th Cir. 2006). The Court further finds that Plaintiff has articulated a colorable cause of action for failure to provide medical care as to the three named Defendants. *Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006).

Plaintiff also states a claim for improper or unreasonable search of his cell. The loss of property, *per se* does not constitute a deprivation of property without due process of law in violation of the Fourteenth Amendment if the government provides an adequate postdeprivation remedy for the loss. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). Illinois law provides actions for replevin and conversion that are sufficient to redress Plaintiff's claims in regard to the loss of his property. *See Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002) (Illinois cause of action for replevin provides adequate postdeprivation remedy); *Stewart v. McGinnis*, 5 F.3d 1031, 1035-37 (7th Cir. 1993) (tort claim may be filed in the Illinois Court of Claims in regard to destruction of property); *Greco v. Guss*, 775 F.2d 161, 169 (7th Cir. 1985) (Illinois cause of action for conversion provides adequate postdeprivation remedy). Consequently, Plaintiff can state no constitutional claim for deprivation of property. While his claims for lost property might be more appropriately pursued in state court, Plaintiff may pursue his claim for unreasonable cell search.

However, Plaintiff fails to state a claim for deliberate indifference to a substantial risk of serious harm. Plaintiff states that there was a fight on the tier two days prior and Defendants were deliberately indifferent for failing to move him to a different location, as he was in fear of his safety. In order to state a claim for deliberate indifference to a substantial risk of serious harm, any danger to Plaintiff had to be imminent. *Wilson v. Seiter*, 111 S. Ct. 2321, 2326 (1991) If the harm is remote rather than immediate, or the officials do not know about it or cannot do anything about it, then the subjective component is not established and the suit fails. *Id*. Negligence or even gross negligence is not enough. *Riccardo v. Rausch*, 359 F.3d 510, 514 (7th Cir. 2004). A fight two days prior is not proximate enough to establish deliberate indifference on behalf of Defendants, so this claim is dismissed.

Additionally, Plaintiff states no claim for violation of his due process rights. Plaintiff's due process claim against Defendants cannot be brought in a civil rights action until the underlying disciplinary conviction is invalidated or overturned because a judgment in his favor would imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 644-46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Stone-Bey v. Barnes*, 120 F.3d 718, 721 (7th Cir. 1997). Plaintiff's conviction on the underlying offense has not been overturned. Additionally, placement in disciplinary segregation "[does] not present the type of atypical , significant deprivation in which a state might conceivably create a liberty interest," and "based on a comparison between inmates inside and outside disciplinary segregation, the State's actions placing him there...[do] not work a major disruption in his environment." *Sandin v. Conner* 515 U.S. 472, 115 S.Ct. 2293, 2301 (1995). The Seventh Circuit has held that under *Sandin* the Due Process Clause is not implicated by a prisoner's placement in segregation because conditions of confinement in segregation are not significantly different from those in the general prison population. *Hamlin v. Vaudenberg,* 95 F.3d 580, 584 (7th Cir. 1996). Accordingly, with respect to Plaintiff's claims against Defendants for damages, he is not entitled to relief.

**(CONTINUED)**

Finally, Plaintiff has failed to state a cause of action for retaliatory transfer of other inmates to prevent them from testifying in his favor. Inmates have no justifiable expectation that they will be incarcerated in any particular prison within a state. *Olim v. Wakinekona*, 461 U.S. 238, 245-246 (1983); *see also Howe v. Smith*, 452 U.S. 473, 487 (1981); *Healy v. Wisconsin*, 65 Fed. Appx. 567 (7th Cir. 2003). Illinois statutes specifically provide that pretrial detainees may be transferred to any facility "whenever [the county department of corrections] determines that such transfer or recommitment would promote the welfare or rehabilitation of the prisoner, or that such transfer or recommitment is necessary to relieve overcrowding." 55 ILCS § 5/3-15003(b). Plaintiff has no liberty interest in remaining in a particular correctional facility, let alone that other inmates will not be transferred according to the administrative and correctional needs of the jail. *Nash v. Litscher*, 50 Fed Appx. 317 (7th Cir. 2002). Additionally, the Court notes that the claim of retaliatory transfer of other inmates to prevent them from being called to testify at a disciplinary hearing strains the bounds of the plausible. Thus, with respect to this claim, Plaintiff has failed to state a claim upon which relief can granted. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (the court should "draw on its judicial experience and common sense" when determining if a complaint states a plausible claim for relief).

While a more fully developed record may belie Plaintiff's allegations of excessive use of force, unreasonable cell search, and deliberate indifference to a serious medical condition, Defendants must respond to the complaint. The Clerk shall issue summonses for service of the complaint on Defendants Maggiera, Duran, and Merrill (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff's motion for appointment is denied without prejudice to later renewal. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendants respond to the complaint.